**Gurvir Singh GILL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72540.

Agency No. A76–671–179.

United States Court of Appeals, Ninth Circuit.

---

* John Ashcroft, Attorney General is the proper respondent. The clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Gurvir Singh Gill, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withhold-ing of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review.

The IJ found Gill not credible due to inconsistencies within his testimony and between his testimony and the documentary evidence submitted to corroborate his claims. These inconsistencies are not supported by substantial evidence and do not go to the heart of Gill's asylum claim. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111–12 (9th Cir.2002).

The IJ questioned Gill's credibility because his testimony included information not contained in his own declaration and declarations submitted to corroborate his claim. Because the declarations did not contradict or undermine Gill's testimony, the alleged discrepancies were not a proper basis for an adverse credibility determination. *See Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996) ("It is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application.").

The IJ also based its adverse credibility determination on the apparent discrepancy between Gill's testimony that his parents were not present during his third arrest and his declaration stating that his parents scuffled with police before the third arrest. Gill explained that police initially went to his home to look for him and argued with his parents upon learning he was not there. Police then found and arrested Gill

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

at another location. Gill's explanation reasonably and adequately explains the alleged discrepancy. Moreover, whether or not Gill's parents were present during his third arrest does not go to the heart of Gill's claim of persecution. *See Singh,* 301 F.3d at 1113.

The IJ also noted an apparent discrepancy between Gill's testimony that police demanded bribe money for his release after his third arrest and his declaration stating that police demanded bribe money for the release of his uncle. Gill explained that police initially demanded money for the release of both himself and his uncle, but after releasing Gill before he paid the bribe, police continued to demand payment for the release of Gill's uncle. Gill's testimony was not inconsistent with his declaration.

Finally, the IJ based its adverse credibility determination, in part, on the fact that Gill did not submit corroborative evidence prior to the hearing. Gill was not required, however, to submit corroborative evidence before the hearing. Moreover, Gill explained that he did not receive the evidence from relatives in India until ten days before the hearing. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000) ("[I]t is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives and acquaintances outside the United States.").

In addition, because corroborative evidence is necessary only when an applicant's testimony otherwise lacks credibility, Gill was not required to submit a copy of the petition for writ of habeas corpus his parents filed on his behalf after his third arrest. *See Garrovillas v. INS,* 156 F.3d 1010, 1016–17 (9th Cir.1998).

Because the IJ denied Gill's applications solely on the basis of its adverse credibility finding, it did not reach the merits of his claims for asylum and withholding of removal. We therefore remand to the BIA for further proceedings consistent with this opinion. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**